## Baumer, et al. v. T. A. Miller Land Company, et al.

(Decided March 23, 1926.)

### Appeal from McCracken Circuit Court.

Evidence—Parol Evidence Held Competent to Clear up Ambiguity in Contract for Sale of Realty, as to Whether Seller was to Tender Deed or Only to Deliver it on Tender of Balance of Purchase Price. —Where one paragraph required purchaser, on delivery of deed, with 10 days to pay balance of purchase price, and next paragraph provided deed should be held in escrow for not exceeding 10 days, and delivered on purchaser's payment of balance of purchase price, held parol evidence to clear up ambiguity as to whether it was purchaser's duty to offer payment or vendor's duty to tender delivery of deed was competent in action for specific performance.

C. C. GRASSHAM for appellant.

WHEELER & HUGHES for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLARKE— Affirming.

By contract of date December 30, 1924, appellants agreed to convey to appellee, Bernard J. O'Halleren, certain described lots and parcels of land in Paducah for a consideration of $10,500.00 of which $5,000.00 was paid in cash when the contract was signed. The contract then provides:

> "And upon the execution and delivery of the aforesaid deed to the said Bernard J. O'Halleren, on or before ten (10) days from this day and date, the remaining five thousand and no/100 ($5,000.00) dollars, of the purchase price of ten thousand five hundred and no/100 ($10,500.00) dollars to be paid to

the said Ann Mary Baumer and Henry Baumer, and the five hundred and no/100 ($500.00) dollars to be paid to the T. A. Miller Land Company.

"Said deed to recite the consideration of ten thousand five hundred dollars ($10,500.00) paid upon delivery of this contract and said deed to be held in escrow by E. H. Puryear for a period not exceeding ten (10) days from this day and date, and same to be delivered to the T. A. Miller Land Company for the said Bernard J. O'Halleren within said period of ten (10) days from this day and date, upon the payment of five thousand ($5,000.00) dollars to Anna Mary Baumer and Henry Baumer as aforesaid, and five hundred ($500.00) dollars to the T. A. Miller Land Company, and when so paid said deed is to be delivered to the T. A. Miller Land Company for the said Bernard J. O'Halleren."

The ten days therein referred to expired on Saturday, January 10. The evidence makes it clear that the deed was prepared by E. H. Puryear as attorney for appellants and the ten-day period was provided to enable him to procure the execution of the deed by some of the grantors who were nonresidents of this state.

It was not entirely clear from the evidence just when the deed was returned to him fully executed by the grantors, but he admits that he never notified appellees thereof. It is further shown and without contradiction that the purchaser was at all times after the execution of the contract, ready, willing and able to pay the balance of the purchase money and accept the deed, and that Puryear agreed at the time the contract was executed and in the presence of all the parties that he would notify appellees when the deed was fully executed and ready for delivery.

It is too clear for argument that if the evidence in the case is to be considered the failure to complete the transaction within the ten days was not due to any fault upon the part of appellees but due solely to the fact that Puryear, appellants' agent, neglected to give notice to appellees as he had agreed to do when the deed had been completed and was ready for delivery. And if this be true then the chancellor just as clearly did not err in decreeing performance of the contract. Indeed as much is not seriously disputed by counsel for appellants, whose chief insistence is that the evidence was inadmissible since the contract in plain and unambiguous terms makes

Puryear the agent of both parties to hold the deed in escrow and defines and limits his powers in such terms as makes the ten days allowed therefor an essential element of the contract.

To sustain this construction of the contract appellants rely upon the latter of the two literary paragraphs copied above and which it will be noticed seems to make it the duty of O'Halleren to pay the balance of the purchase money and procure the deed from Puryear within ten days. We very much doubt if this clause standing alone would be susceptible of that harsh construction. But if as much be assumed then we are confronted with the fact that the clause immediately preceding just as clearly provides that O'Halleren shall pay the balance of the purchase price "upon the execution and delivery of the aforesaid deed" within ten days. So the two provisions do not make it plain but are contradictory as to whether it was the purchaser's duty to pay the balance of the purchase money upon delivery of the deed or the duty of the sellers to deliver the deed upon payment within ten days of the balance of the purchase price.

In other words, it is impossible under the ambiguous terms of the contract to determine whether the failure to complete the transaction within the ten days was due to a default upon the part of the purchaser or the seller.

As this is the only part of the contract about which there is any dispute parol evidence was clearly competent to clarify it. That evidence not only makes it clear that Puryear was the agent of the seller and that the ten-day provision was not of the essence of the contract but inserted for his convenience, but also that the slight delay beyond that time was due to his failure to notify the purchaser when the deed was ready for delivery as he had agreed to do.

It is clear the chancellor did not err in compelling its delivery, and the judgment is affirmed.