

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 27, 1951

Hon. Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-1257

Re: Construction of the motor vehicle
use taxes levied by Subsections (a)
and (b), Section 2, Section VII,
House Bill No. 285, Acts 52nd Leg-
islature, amending Section 2, Arti-
cle 7047k, Vernon's Civil Statutes.

Dear Sir:

Your request for the opinion of this office
reads in part as follows:

"Section VII, H.B. 285, Acts, Regular
Session of the 52nd Legislature, Sections
2(a) and 2(b) reads as follows:

"'Section 2. (a) There is hereby lev-
ied a use tax upon every motor vehicle pur-
chased at retail sale outside of this State
and brought into this State for use upon the
public highways thereof by a resident of this
State or by a person, firm or corporation
domiciled or doing business in this State.
Such tax shall be equal to one and one-tenth
per cent (1.1%) of the total consideration
paid or to be paid for said vehicle at said
retail sale. The tax shall be the obligation
of and be paid by the person, firm, or corpor-
ation operating said motor vehicle upon the
public highways of this State.

"'(b) When a person makes application
for the initial certificate of title in this
State on a particular motor vehicle, he shall
pay a use tax on that motor vehicle in the sum
of Fifteen Dollars ($15). No certificate of
title or motor vehicle registration for such
motor vehicle shall be issued until the use

tax imposed by this subsection has been paid. However, a person is not liable for the tax imposed by this subsection if the sales or use tax imposed by any other provision of this Act has been previously paid upon such motor vehicle. It is the purpose of this subsection to impose a use tax upon motor vehicles brought into this State by new residents of this State.'

"We are outlining below what we construe the law to mean and shall appreciate your advising us whether or not we are correct. If we have misinterpreted the meaning of the law, you of course will give us your opinion.

"Section 2(a) means that the 1.1% tax is levied against a resident of this State who goes outside the State and purchases a motor vehicle and brings it back to Texas for use upon our highways. It also levies the tax against a person, firm or corporation that is now domiciled or doing business in Texas who goes outside the State and purchases a motor vehicle and brings it back into the State for use upon the highways. We think that a tax of 1.1% must be calculated upon the total consideration paid for the motor vehicle when it was purchased regardless of its value when brought to Texas for use upon our highways. As an example, if the purchase price of the motor vehicle was $2,000, the tax would be $22.00 even though it may have been used several years before it was brought into this State for use upon our highways.

"Section 2(b) levies the $15.00 tax upon an individual resident of another State who has purchased a motor vehicle while a resident of that State and later moves to Texas to make this State his home or place of residence and registers the motor vehicle in Texas. It also levies the $15.00 tax against a person, firm, or corporation whose domicile or place of residence is in another State and who later moves to Texas and establishes a

domicile in this State or moves here for
the purpose of doing business in this
State and brings a motor vehicle that has
been purchased in another State and regis-
ters it in Texas for use upon our highways.
We think the $15.00 must be paid on the
motor vehicle regardless of how long it
had been used in the other State before it
was brought to Texas for use upon our high-
ways."

In amending Section 2, Article 7047k, Vernon's
Civil Statutes, by enacting Section VII, H.B. 285, Acts
52nd Leg., 1951, ch. 402, p. 695, the words "a person"
were added to the words "firm or corporation domiciled
or doing business in this State" in subsection (a), and
subsection (b) was added in its entirety.

It is clear that by the addition of the words
"a person" the Legislature intended to levy a use tax up-
on motor vehicles purchased outside the State of Texas
but which were brought into the State by individuals who
were non-residents of Texas but who were domiciled or do-
ing business in Texas.  Motor vehicles belonging to indi-
viduals coming within that classification had heretofore
not been subject to the tax, although motor vehicles so
purchased and brought into Texas by firms or corporations
domiciled or doing business in Texas had been subject to
the tax.  Your interpretation as to the legal effect of
subsection 2(a) is in accord with a primary rule of stat-
utory construction that where the language of the statute
is clear and unambiguous and the intention of the Legis-
lature as expressed in its enactment is clear, it is not
necessary to add to or subtract from the statute, but it
is for the courts to enforce it as written.  Gaddy v.
First National Bank,  115 Tex. 393, 283 S.W. 472 (1926).

Subsection 2(b) of the Act clearly states that
the legislative intent in its enactment is to impose a
use tax upon motor vehicles brought into Texas by new resi-
dents of Texas.  Your interpretation of subsection 2(b)
of the Act is in accord with the express declaration of
legislative intent under the clear and unambiguous word-
ing of the statute.

## SUMMARY

Sec. 2, Art. 7047k, V.C.S., as amended by Sec. VII, Acts 52nd Leg., 1951, ch. 402, p. 695, requires the payment of a use tax equal to 1.1% of the total consideration paid or to be paid for a motor vehicle pur-chased at retail sale without the State of Texas and brought into Texas by a person domiciled or doing business in Texas. A use tax in the sum of $15.00 is imposed on any motor vehicle brought into Texas by new residents of Texas, payable at the time of the issuance of the initial certificate of title in Texas.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

Jesse P. Luton, Jr.
Reviewing Assistant

Everett Hutchinson
Executive Assistant

Price Daniel
Attorney General

CKR:wb

By *C. K. Richards*
C. K. Richards
Assistant